## Arthur F. Utter v. Amos L. Curry.

1. ABSTRACT PROPOSITIONS OF LAW—*when giving of correct, ground for reversal.* The giving of an instruction containing a correct proposition of law is ground for reversal where such proposition of law has no applicability to the issues involved in the cause.

Action of trespass. Error to the Circuit Court of Schuyler

county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the May term, 1906. Reversed and remanded. Opinion filed November 27, 1906.

HERMAN H. BROWN and H. W. MASTERS, for plaintiff in error.

MILTON McCLURE and B. O. WILLARD, for defendant in error.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

Arthur F. Utter brought suit against Amos L. Curry in the Circuit Court of Schuyler county to recover damages for a trespass *vi et armis* alleged to have been committed by Curry upon Utter. There was a judgment in the Circuit Court below in favor of Curry. Utter brings the case to this court upon writ of error.

Plaintiff in error makes three claims upon which he seeks to reverse the judgment: First, the court committed error in allowing Curry to prove on the trial that previous to the time of the committing of the trespass, Utter made threats that "He would fix Curry" and "Would get even with him;" second, that the verdict is against the manifest weight of the evidence; and third, that the instructions given for defendant in error, while they are correct as abstract propositions of law, yet are not applicable to the facts in the case.

We cannot review the merits of the contention first stated because plaintiff in error is not in position to urge the objection now sought to be made. Testimony of the above import was given by one witness without any objection at all; that of another, of like import, was challenged solely upon the ground that the question was leading, and not because the testimony was irrelevant or immaterial; while in a third instance, where objection was made and overruled, no exception whatever was taken to the action of the court.

Upon the second contention made we are constrained

Utter v. Curry.

to hold that the verdict in this case is very clearly against the manifest weight of the evidence. A trespass is admitted by Curry, and the only question upon that score is whether or not Curry showed any sufficient justification under his plea of *son assault demesne.*

It appears from the evidence that the parties to the suit met in a public place in the village of Frederick, on the third day of February, 1904, when, after some altercation and the application of epithets by each to the other, defendant in error inflicted upon Utter a quite severe beating.

Plaintiff in error testified that before the assault was made he started to go away and had gone some considerable distance when Curry overtook him, struck him on the head and knocked him down, and struck and kicked him after he was down until he cried for help. Maggie Bellamy testified that she saw Curry kick some one (admittedly Utter) who was on the ground, and then that she saw the man on the ground get up, when Curry knocked him down, and soon after the party assaulted got up and went away. Orin A. Lufkin testified that Utter was going away and that Curry "took after him" and struck Utter in the head from behind; that Curry knocked Utter down and kicked him after he was down until Utter appealed for help. Frank Bellemy testified that in the conversation he had with Curry, that Curry said to him that "he had struck Utter, but that he did not know whether he had struck him more than once."

This evidence, undisputed except by Curry, clearly shows that Utter was not the aggressive party, and that he did nothing to sustain the claim of Curry that what he did, was done in self defense.

While it is true that Curry, in his direct testimony, states that Utter started to unbutton his coat and to put his left hand behind him, and that he struck Utter to protect himself, yet his testimony bears the

impress of an afterthought. That Curry was attempting to excuse himself from the force of the charge of an unlawful beating was plainly apparent. Furthermore, upon his cross-examination, he admitted that he committed the act because Utter called him a liar. That Curry was the aggressor is the irresistible inference to be drawn from all the evidence.

While the instructions given for defendant in error may state correct propositions of law in the abstract, as confessed in the motion for a new trial, still we cannot avoid coming to the conclusion that the third instruction so given was not applicable to the facts proven upon the trial. That instruction read as follows: "The theory of self-defense is that the party assailed may repel force by force. When a party's life is in danger or he is in danger of some great bodily harm, or when, from the acts of the assailant, he believes or has reasonable ground to believe, that he is in danger of losing his life, or receiving great bodily harm from his assailant, the right to defend himself from such danger or apprehension may be exercised by him and he may use it to any extent which is reasonably necessary." There was not one scintilla of evidence in the case that Utter employed any force at all such as that contemplated in the instruction.

This instruction clearly tended to mislead the jury, and the giving of it was prejudicial error.

Judgment reversed and cause remanded.

                                   *Reversed and remanded.*